*410 The General Court gave judgment, on the statement of facts, for the plaintiif. The defendant appealed to the Court of Appeals.
(Goldsborough, J. and J. T, Chase, J.)

In the Court of Appeals.

(a)

The question is, whether the act of limitations will bar in this case ?
The act of April, 1713, c. 23. s. 6. enacts, “ that no bill, bond, judgment, recognisance, statute-merchant, or of the staple, or other specialty whatsoever, except such as shall be taken in the name or for the use of our sovereign lord the king, his heirs and successors, shall be good and plead-able, or admitted in evidence, against any person or persons of this province, after the principal debtor and creditor have been both dead twelve years, or the debt or thing in action above twelve years’ standing.”
The act of July, 1729, c. 24. s. 21. enacts, “ that all actions upon administration and testamentary bonds shall be commenced within twelve years after the passing of the said bonds, and not after.”
The act of limitations extends to this case unless'it is prevented by the suspending act of 1777, c. 15. s. 7., which enacts, “ that all that space of time from the 26th day of July, 1773, to the 1st day of July, 1777, shall not be reckoned, estimated or considered as part of the time limited by law for bringing or prosecuting any action or suit which was restricted or prohibited from being brought by any of the said resolves, nor shall any part of the time from the said 26th of July, 1775, to the last day of August next, be taken or estimated in the year and day limited by law for issuing executions on judgments, and that if the act *411 ef limitations hath or shall be pleaded in any of the cases aforesaid, it shall and may be lawful for the plaintiff to give the special matter and this act in evidence, on a generaí replication.” And the act of October, 1780, c. 5. s. 14, 15., which enacts, “ that all the space of time from the 1st day of July, 1777, to the passing of this act, shall not be reckoned or considered as part of the time limited by law for bringing or prosecuting any action or suit for recovery of any debt due by judgment, bond, bill, note, account, contract or otherwise, and this act and the special matter may be given in evidence on the general replication.”
Sect. 15. u That no suit shall be commenced or prosecuted by any creditor against his debtor, for a debt contracted before the 1st day of September, 1776, or after that day and before the 12th day of June last, for gold, silver, or sterling, in less than two years from the passing of this act, unless the debtor shall neglect or refuse to pay the interest annually due on such debt, See. &c. Provided always, that this act shall not be extended to actions to be prosecuted against guardians, executors, administrators or trustees, and that the said time shall not be taken or held as part of the time limited by law for prosecuting such suits.” And the act of April, 1782, c. 55. which enacts, sect. 1. “ that no action or suit shall be commenced or prosecuted by any creditor against his debtor for any debt, promise, contract or agreement, created or made before the 1st day of September, 1776, or between that day and the 12th day of June, 1780, for gold, silver, or sterling, before the 1st day of January, 1784,” &c. Sect. 5. “ That the time between the passing this act and the 1st day of January, 1784, shall not be taken as part of the time limited by law for prosecuting suits ; and if any defendant shall plead the act of limitations, the plaintiff may, on the general replication, give this act and the special matter in evidence, without specially pleading the same.”
Then from the 26th of July, 1775, to the 1st of July, *412 1777, limitation does not run in any case. From the first; of July, 1777, to the 17th of October, 1780, it does not run to bar any debt. From the 17th of October, 1780, to the 17th of October, 1782, being two years, the act of limitations is suspended in cases of debts contracted before the 1st of September, 1776, and since that time, and before the 12th of June, 1780, with the proviso not to affect suits against executors, &c. And from the 25th of April, 1782, to the 1st of January, 1784, by the aforesaid act, the act of limitations is suspended in the cases prohibited from being brought by that act, although the words, “ shall not be taken as part of the time limited by law for prosecuting suits” are general.
The bond is dated the 9th of November, 1772. The suit commenced the 31st July, 1787, there being between the date of the bond and the instituting the suit an interval of fourteen years, eight months and twenty-two days. From that deduct one year, eleven months and twenty-five days, and there remains twelve years, nine months and twenty-eight days, being the time the act of limitations is admit - ted to be suspended by the act of February, 1777, c. 15» s. 7.
It is contended that neither by the words nor the intention of the legislatures did the suspension of the act of limitations reach any case by the act of 1780, c. 5. except in cases of debts due, &c. 1. As to the words of the act, they are confined to debts due. 2. The bond on which this suit is grounded was not given for a debt due, but for a collateral matter.
By the common law, writs of error issued, staid executions without security. This occasioned frivolous and vexatious removals. To remedy this mischief, the statute of 3 Jac. I. c. 8. was made, by which it was enacted security should be given where the action was on a single bond for debt, or an obligation with a condition for the payment of money. Yet debt on arbitration bond, or on bond for the performance of covenants, although by the award *413 or covenants, money was to be paid, held not to be within the provision of the statute. 2 Bulst, 53. 55. Yelv. 157. Comb. 115. Show. 14. 3 Burr. 1545. 1566. Debt or judgment on recognisance, 2 Barnes, 161.
The statute 27 Eliz. c. 8. gives jurisdiction to the exchequer-chamber to correct errors of the king’s bench, in debt, detinue, covenant, account, case, ejectment or trespass. 2 Bac. Abr. Error, 212. It extends not to scire fo,cias. Cro. Jac. 171. Hob. 72. Yelv. 157. 2 Stra. 1102. 5 Mod. 229. Comb. 393, 394. 12 Mod. 112.
And where covenant was brought on the covenants in a lease, and the breach assigned was the non-payment of rent, the Court agreed that this statute is not to be enlarged, but restrained; but yet in debt upon the indenture, if the breach were assigned on the reservation on non-payment of rent, bail must be put in, but not in any counter-bond to save harmless, or in debt for penalty in any articles indented : and execution was stayed by the Court, without bail, being not within the statute. 3 Keb. 131. pl. 89.
The statute Eliz. giving a writ of error from king’s bench to the exchequer-chamber is a new law, which gives authority to that Court only, and must not be extended beyond what is limited by statute. The statute gives the writ only in the seven cases mentioned therein. It will not lie on scire facias against the bail. Cro. Car. 300. Cro. Jac. 171. 2 Stra. 1102. Where judgment was affirmed in the exchequer-chamber, and the plaintiff sued out scire facias, and execution was awarded, the defendant brought error in the exchequer-chamber; held it would not lie on the award of execution, the merits having been tried in the first judgment. 5 Mod. 229, 230. Salk. 263. It is doubted whether it would lie to reverse a judgment and judgment on scire facias, the last being faulty. Cro. Car. 286. Cro. Eliz. 730. But resolved by ten Judges, it would lie, being within the intent of the statute, and in the nature of an action of debt.
*414 A writ of error will lie in the exchequer-chamber, of a judgment on a scire facias, grounded on a judgment in any one 0f the actions mentioned in 27 Eliz. c. 8. because it is in effect, a piece of one of the actions. 1 Mod. 79. 2 Keb. 849. 1 Vent. 168.
The Court of Appeals affirmed the judgment of the General Court at June term, 1792.

 Notes taken from the note book of the Chief lodge of the Court of Appeals.